VIGIL, Judge (dissenting). {30} Mr. Chen and his wife (the Insureds) purchased two policies. One was for a 1990 Honda Civic, and one was for a 1996 Mercury Villager. The forms and coverages for both policies are identical. The Insureds purchased bodily injury limits of liability in the amount of $100,000 per person and $300,000 per occurrence, and UM/UIM coverage in the amount of $30,000 per person and $60,000 per occurrence for each automobile. The majority concludes that the Insured’s rejection of UM/UIM coverage for the full amounts of the bodily injury coverage was invalid. I disagree and therefore dissent. {31} In Marckstadt, our Supreme Court summarizes its holding that pursuant to the statute and regulation, the insurer must obtain a written rejection from the insured, but that the written rejection need not be signed or attached to the policy____ However, we reiterate our holding in Romero [II] that 13.12.3.9 NMAC requires that some evidence of the insured’s written rejection of UM/UIM coverage must be made part of the policy by endorsement, attachment, or some other means that calls the insured’s attention to the fact that such coverage has been waived. Marckstadt, 2010-NMSC-001, ¶ 26, 147 N.M. 678, 228 P.3d 462. In my view, Farmers complied with both of these requirements. {32} First, Farmers obtained valid written rejections of UM/UIM coverage for less than the limits of the liability coverages. When Mr. Chen’s wife applied for the insurance, she signed a form entitled, “UNINSURED MOTORIST ELECTION” for each policy. The form is clear and unambiguous in its form and content, and a copy is attached hereto as Exhibit 1. The “UNINSURED MOTORIST ELECTION” signed for each policy specifically states, “I have had the coverage of Uninsured Motorist protection explained to me. The opportunity to purchase this coverage in an amount up to my automobile limits has been provided.” There is a box to reject uninsured motorist coverage in its entirety and there is a second box whereby the insured selects reduced uninsured motorist coverage. The second box was checked, indicating “reduced Uninsured Motorist Coverage limits of 30 per person and 60 per occurrence.” No argument has been made that this does not indicate UM/ UIM coverage limits of $30,000 per person and $60,00 per occurrence. The form then provides, “In consideration of the reduction of the premium, the Company and I agree that Uninsured Motorist Coverage shall apply according to the terms selected.” This form satisfies the requirement that the insurer offered UM/UIM coverage up to the level of the liability limits of the policy, and it clearly reflects a rejection of the full amount for a lower amount. {33} Secondly, the policies that were delivered to the Insureds satisfy the requirement of Marckstadt “that some evidence of the insured’s written rejection of UM/UIM coverage must be made part of the policy by endorsement, attachment, or some other means that calls the insured’s attention to the fact that such coverage has been waived.” Id. ¶26. The policies themselves set forth on their respective declarations sheets bodily injury limits of liability of $100,000/$300,000 and uninsured motorist coverage of $30,000/ $60,000. (The declarations sheet clearly states that the coverages entries are in thousands of dollars, and the bodily injury limits of liability are “100 Each Person” and “300 Each Occurrence,” and that the uninsured motorist bodily injury limits are “30 Each Person” and “60 Each Occurrence.”). The declarations sheet also clearly states that various endorsements apply, one of which is identified as the sl655 endorsement. A declarations sheet is attached hereto as Exhibit 2 to show where and how this information was conveyed to the Insureds. Endorsement sl655 is attached to each policy that was delivered to the Insureds and it too is clear and unambiguous in its content and form. A copy is attached hereto as Exhibit 3. The sl655 endorsement is entitled, “ENDORSEMENT REDUCING UNINSURED MOTORIST COVERAGE” and states, In consideration of the reduced premium, the named insured has selected Uninsured Motorist Coverage Limits of Liability that are lower than the Bodily Injury Limit of Liability of this policy. The limit of liability chosen for Uninsured Motorist is shown on the Declarations Page. Thus, the endorsement clearly calls attention to the fact that the Insureds selected UM/ UIM coverage in an amount lower than the bodily injury limit of liability of the policy and that the amount chosen is shown on the declarations page. {34} Finally, I disagree with the majority that the insurance documents must list the actual amount of UM/UIM coverage the Insureds were permitted to purchase or the actual amount they had rejected by choosing to purchase less coverage. Majority opinion, ¶ 21. Compliance with the statute and regulation has not heretofore required that specific dollar amounts be set forth in the documents. Moreover, the same panel of this Court in Romero I said, In the present case, the Policy contained liability limits of $100,000 but UM/UIM limits of only $50,000. Therefore, the [Insureds] rejected $50,000 of the UM/UIM coverage, which they were entitled to purchase under the statute. The amount rejected is the difference between the liability limits of the Policy and the [Insureds’] selected UM/UIM coverage. Romero I, 2010-NMCA-024, ¶ 26, 148 N.M. 97, 230 P.3d 844. {35} Farmers obtained a valid written rejection for full coverage of UM/UIM coverage, and the policy itself adequately calls attention to this fact as required by Marckstadt. Since the majority disagrees, I dissent. I would reverse and remand with instructions to enter judgment in favor of Farmers. Exhibit 1 [[Image here]] Exhibit 1 Exhibit 2 [[Image here]] Exhibit 2 Exhibit 3 [[Image here]] Exhibit 3